**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4985**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

GARY IVAN TERRY,

                Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:03-cr-00299-NCT-1)

Submitted:  May 28, 2009                Decided:  June 30, 2009

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, PA, Winston-Salem, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Ivan Terry appeals from the district court's order denying his motion to compel specific performance of the plea agreement in his underlying criminal case, revoking his supervised release, and imposing a seven-month prison term. On appeal, Terry's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the decision to revoke Terry's supervised release and the denial of his motion to compel. Although informed of his right to do so, Terry has not filed a pro se supplemental brief. After a thorough review of the record, we affirm.

After considering the applicable 18 U.S.C. § 3553(a) (2006) factors, a district court may revoke a term of supervised release upon finding by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3) (2006). Appellate courts review the decision to revoke supervised release for an abuse of discretion and the factual findings and credibility determinations for clear error. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

After reviewing the evidence presented during the hearing, we find that the district court did not clearly err in finding by a preponderance of the evidence that Terry failed to

make the monthly court-ordered restitution payments, opened credit accounts without authorization, and failed to notify or permit the probation officer to notify his employer of third party risks that may be occasioned by Terry's criminal record, personal history, or characteristics. Accordingly, the district court did not abuse its discretion in finding that Terry violated the conditions of his supervised release.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first review the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If we conclude that a sentence is not unreasonable, we will affirm the sentence. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statement and the 18 U.S.C. § 3553(a) factors that it is permitted to consider in a

supervised release revocation case. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 440. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id. at 439.

Addressing the § 3553(a) factors as applied to Terry's circumstances, the district court expressed a need for the sentence to deter others from similar conduct, but noted Terry's firm belief that his conviction was improper. The court then imposed a sentence of seven months imprisonment with no additional term of supervised release. We find that Terry's sentence was not "plainly unreasonable" because it was within the recommended Guidelines range of 3 to 9 months, well below the 17-month maximum term that the court could have imposed, and the record does not contain any basis on which to conclude that the imposed sentence is clearly or obviously unreasonable.

In accordance with Anders, we have reviewed the entire record in this case and found no meritorious issues for appeal. Accordingly, we deny Terry's motion to place the case in abeyance, and we affirm the district court's judgment. This court requires that counsel inform Terry, in writing, of his right to petition the Supreme Court of the United States for

4

further review.  If Terry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Terry.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED